HAMILTON D. HILL and MILLIE K. HILL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Hill v. Commissioner
Docket No. 6928-79.
United States Tax Court
T.C. Memo 1981-10; 1981 Tax Ct. Memo LEXIS 733; 41 T.C.M. (CCH) 700; T.C.M. (RIA) 81010; January 8, 1981
*733 Held, miscellaneous deductions determined. Held Further,sec. 6653(a), I.R.C. 1954, addition to tax for negligence imposed. Hamilton D. Hill, pro se. Thomas N. Thompson, for the respondent. STERRETT
MEMORANDUM FINDINGS OF FACT AND OPINION STERRETT, Judge: By statutory notice dated March 8, 1979 respondent determined a deficiency in petitioners' income tax of $ 2,186.62 and an addition to tax under section 6653(a), I.R.C. 1954, *734 of $ 109.33 for the calendar year ended December 31, 1975. After concessions by each party the remaining issues are: (1) whether petitioners overstated allowable depreciation by $ 2,546.67, (2) whether petitioners overstated allowable office-in-the-home expense by the amount of $ 123, (3) whether petitioners may currently deduct legal expenses incurred in connection with the condemnation of their property in the State of New York (4) whether petitioners are entitled to deduct $ 1,000 as a loss because of property they failed to receive under a decedent's will, (5) whether petitioners are entitled to a farm loss in the amount of $ 3,076.07, (6) whether petitioners are entitled to a foreign tax credit in the amount of $ 152.77, and (7) whether petitioners are liable for the negligence penalty under section 6653(a). FINDINGS OF FACT *735 Petitioners, Hamilton D. and Millie K. Hill, husband and wife, resided in Puyallup, Washington at the time they filed their petition herein. Petitioners timely filed their 1975 income tax return with the Internal Revenue Service Center in Ogden, Utah. Prior to the year in issue petitioners inherited three separate residences in the State of Washington. Two of the three residences have been rented consistently since they were acquired by petitioners. The unrented residence (herein after referred to as Puyallup property) was advertised as rental property by the petitioners. It was never listed with a realtor and has not been rented in the 8-1/2 years petitioners have owned it. Any rental of the property was conditioned on petitioners' right to use the same at their convenience. Petitioner Mrs Hill resided in the Puyallup property at least 3 months each year. Petitioners utilized the estate appraisal of the three properties to determine their adjusted basis for depreciation purposes. The estate appraisal figure included the fair market value of the land and houses. Petitioners utilized straight-line depreciation and gave each property a 10-year useful life. Petitioners *736 claimed a $ 365 deduction as the amount they determined to charge the Government for storing records required to be kept by the Government. Upon audit respondent determined that petitioners were entitled to a $ 242 office-in-the-home expense deduction although such deduction had not been claimed on the return. On Schedule C of their 1975 return, petitioners deducted $ 114.65 as legal expenses incurred in connection with their contesting condemnation proceedings with respect to property they own in the State of New York.Petitioners were awarded approximately $ 30,000 as a result of the condemnation proceedings, but have not yet received the money. Also on Schedule C petitioners claimed a bad debt loss of $ 1,000. Petitioner Mrs. Hill was told by her relative that she would receive certain property when such relative died. The relative died in 1968 and did not bequeath the property to Mrs. Hill. Petitioners thereby determined that they were entitled to a "bad debt deduction" in the amount of $ 1,000 over a period of 10 years. The event occasioning the purported bad debt took place in 1969 or 1970, when the relative's attorney refused to convey the property to Mrs. Hill. The *737 Schedule F attached to petitioners' return showed nine parcels of farmland in four states. Petitioners have 332 acres of timberland in Montana, 5 cleared acres in Idaho, 5 acres in Utah which is a homestead, and 15 acres in Washington. On the Utah homestead, petitioners have planted a few acres of strawberries. They have not had any actual sales of the strawberries; however, they reported $ 11 of income as the estimated value of their strawberry crop bartered out to neighbors. OPINION The burden of proof with respect to all issues presented is on the petitioners. Rule 142(a), Tax Court Rules of Practice and Procedure. The first issue is whether petitioners overstated allowable depreciation by $ 2,546.67. This claimed deduction relates to the three pieces of property inherited by the petitioners. Two of the three properties have structures thereon which have continually been rented. Section 167(a)(2), I.R.C. 1954, allows depreciation for the exhaustion, wear or tear of property held for the production of income; however, the land on which the structures are situated is not depreciable. Section 1.167(a)-2, Income Tax Regs.
Petitioners properly utilized the estate appraisal *738 value as their beginning adjusted basis for the depreciation. Section 1014. However, to the extent they depreciated the value of the land, we sustain the respondent's disallowance of that portion of the depreciation.That the land may be subject to contamination does not create a depreciable event. With respect to the Puyallup property, respondent disallowed depreciation, both as to the structures and the land. Respondent contends that these structures were not held for production of income, and therefore no depreciation should be allowed. At trial, petitioners set out the conditions upon which they would rent the Puyallup property. Included therein was the requirement that the renter allow petitioners to use the property at their convenience. In addition, Mrs. Hill testified that she used the property 3 months of each year and that the property, in the 8-1/2 years they have owned it, had never been rented. Further, the property had never been listed with a realtor for the purposes of finding a renter. On these facts, we conclude that the Puyallup property was a personal residence and not property held for the production of income. Accordingly, we sustain respondent's determination *739 on this issue. The next issue presented is whether petitioners overstated office-in-the-home expense by the amount of $ 123. Petitioners, on their income tax return, claimed a $ 365 deduction. This deduction was a charge of $ 1 per day for storage of personal records required to be maintained by the United States Government. Upon audit respondent determined that petitioners were entitled to a $ 242 office-in-the-home deduction with respect to their rental business. It is well established that the expense of maintaining personal records is not a deductible item. Section 262. The mere fact that the records were required to be kept by the Government does not change the personal value of the records. Cf. Callander v. Commissioner, 75 T.C.     (1980). Petitioners have not cited any section of the Internal Revenue Code or case law which would support this claimed deduction. Accordingly, we sustain respondent's determination on this issue. Petitioners claimed a deduction for legal expenses incurred in connection with the condemnation of their property in the State of New York. In Hill v. Commissioner, a Memorandum Opinion of this Court, affd. per curiam 35 AFTR.2d 75-1408, 75-2 USTC par. 9632 (10th Cir. 1973), *740 a case involving these same petitioners, this Court ruled that such legal expense was not deductible. The year involved there was 1964; however, the property involved was the same. For the reasons expressed in that opinion, we again rule that the legal fees in dispute are not deductible. Petitioners claimed a bad debt deduction of $ 1,000 as a result of Mrs. Hill's failure to receive property under a decedent's will. The event which created the purported bad debt loss occurred in 1969 or 1970, the year Mrs. Hill's relative died. Petitioners' claim is frivolous. Suffice it to say that petitioners failed to establish any debtorcreditor relationship with Mrs. Hill's deceased relative, a crucial requirement for a bad debt deduction, and therefore, we sustain respondent's determination on this issue. Petitioners claimed a farm loss in the amount of $ 3,076.07. To be entitled to the deduction, petitioners must substantiate that they were in the trade or business of farming. The only evidence that petitioners were in the farming business was a report of $ 11 of income from the sale of strawberries. However, even this income was only the estimated value of the strawberries bartered *741 to petitioners' neighbors. Petitioner Mr. Hill testified that he was a forester and that the timber upon the property represented, in effect, his crop. While the Court recognizes petitioner Mr. Hill's educational background as a forester, the burden is still upon petitioner to establish that he is in the trade or business of cutting or selling the timber. Section 183 denies a deduction unless the petitioner can establish that the activity on which the deduction is claimed is engaged in for profit.Petitioners have not shown that they were in the trade or business of farming either strawberries or timber. Accordingly, we sustain respondent's determination on this issue. Petitioners claimed a foreign tax credit in the amount of $ 152.77. Respondent concedes petitioners' entitlement to this deduction of petitioners itemize their deductions. Section 36, as applicable for the year 1975, prohibits the petitioners from taking the foreign tax credit if they do not itemize. The final issue presented is whether petitioners are liable for the negligence penalty under section 6653(a). Petitioner Hamilton Hill is an educated man who has over the years obviously become embittered by what *742 he perceives to be the excesses of the Government in general and the Internal Revenue Service in particular. His embitterment has led him to see an excess behind every tree and to make some claims which he, in his heart, must recognize are frivolous. The Court held several conferences with the petitioners and respondent's counsel in an effort to have the case settled. Obviously these efforts proved fruitless. Petitioners' frustrations cannot be accepted as an excuse for failure to comply with the provisions of the Internal Revenue Code and the regulations promulgated thereunder. Once the petitioners have litigated, the Court has ruled, and all appeals have been exhausted, petitioners cannot ignore the Court's determination. To do so is an intentional disregard of the law. This Court and the Tenth Circuit previously ruled that petitioners could not claim legal fees with respect to the condemnation proceeding. At the time the petitioners filed their return there had been no substantive change of the law with respect to this issue. Further petitioners' claimed loss of anticipated inheritance is frivolous. Therefore, we find that petitioners have failed to carry their burden *743 of proof and we sustain respondent's determination of the addition to tax under section 6653(a). To reflect concessions by both parties, Decision will be entered under Rule 155.